IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marco Antonio Velez, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:04-cr-00093-TLW-1 <br> C/A No. 4:16-cv-02062-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Marco Antonio Velez. For the reasons stated below, the Court dismisses the petition.

Petitioner pled guilty to a charge of violating 18 U.S.C. § 924(c), and he was sentenced as a career offender to 276 months imprisonment pursuant to the then-mandatory Sentencing Guidelines. ECF No. 56. His career offender predicate convictions were a New York conviction for Manslaughter, 1st Degree and three South Carolina convictions for Assault and Battery of a High and Aggravated Nature (ABHAN). *See* PSR ¶¶ 22, 23. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Velez*, 167 F. App'x 349 (4th Cir. 2006). The Supreme Court denied certiorari on June 19, 2006. *Velez v. United States*, 547 U.S. 1217 (2006).

Petitioner filed a prior § 2255 petition, ECF No. 76, which was denied on the merits, ECF No. 88, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal, *United States v. Velez*, 314 F. App'x 604 (4th Cir. 2009).

1

On or about April 6, 2016, Petitioner filed in the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244 requesting permission to file a successive § 2255 petition.[1] No. 16-324 (4th Cir.), ECF No. 2-1. The Fourth Circuit granted that motion on June 21, 2016, No. 16-324 (4th Cir), ECF No. 14-2, and his § 2255 petition was filed in this Court on that date, ECF No. 127.

In Petitioner's § 2255 petition, he says that he should be resentenced without the application of the career offender enhancement. He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the career offender sentencing guideline, formerly found at § 4B1.2(a)(2).[2] He also says that, in light of *United States v. Montes-Flores*, 736 F.3d 357 (4th Cir. 2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), his ABHAN convictions cannot be considered crimes of violence under the force clause in § 4B1.2(a)(1).

The Government filed a response in opposition, arguing, in part, that the petition must be dismissed as untimely. ECF No. 133. Petitioner then filed a reply to the Government's motion. ECF No. 134. While the petition was under advisement,

---

[1] It is not clear when he placed his motion in the prison mailing system, but his petition is dated April 6, 2016. Giving him the benefit of the doubt, the Court considers that to be the date he filed this petition. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] After the *Johnson* decision, the career offender guideline was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

he filed a motion requesting a ruling, acknowledging that in light of recent case law, "[he] does not appear to be entitled to relief in this successive § 2255." ECF No. 135.

Petitioner is correct that he is not entitled to relief based on the current state of the law. In *United States v. Brown*, the Fourth Circuit concluded that a § 2255 petitioner making substantially the same argument as Petitioner—that he should be resentenced because his career offender sentence imposed under the mandatory Guidelines is now invalid—was not entitled to relief because the Supreme Court had not recognized the specific right at issue. 868 F.3d 297, 304 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018). Because Supreme Court recognition of that specific right was the only possible avenue to render the petition timely, the Fourth Circuit affirmed the district court's dismissal of the petition. *Id.*

The Court concludes that Petitioner here is in the same situation as the petitioner in *Brown*. He is almost nine years late under 28 U.S.C. § 2255(f)(1), (f)(2) and (4) do not apply, and he cannot restart the statute of limitations under (f)(3) because the Supreme Court has not recognized the specific right at issue. Accordingly, the Court is required to dismiss his petition as untimely.

For the reasons stated, Petitioner's petition for relief pursuant to § 2255, ECF No. 127, is **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules

---

[3] In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

3

Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.[4]

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

April 4, 2019
Columbia, South Carolina

---

[4] In light of the Court's ruling, the other outstanding motions in this case, ECF Nos. 129, 135, are **DISMISSED AS MOOT**.